NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN P. BAKER,

          Plaintiff-Appellant,

  v.

RONALD J. ABBL; DAVID SHINN,
Director, Arizona Department of
Corrections; TRUJILLO, First name
unknown; Captain, Chief of Security,

          Defendants-Appellees.

No. 21-16607

D.C. No. 2:21-cv-00407-DJH-JZB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

    Arizona state prisoner John P. Baker appeals pro se from the district court's

judgment dismissing his action alleging claims under 42 U.S.C. § 1983 and the

Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Baker's due process claims because Baker failed to allege facts sufficient to establish a protected liberty interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221-24 (2005) (a state-created liberty interest arises only when the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Baker's equal protection claims because Baker failed to allege facts sufficient to show that he was treated differently from other similarly situated individuals or that he was a member of a protected class. *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122-23 (9th Cir. 2022) (setting forth elements of a "class-of-one" equal protection claim); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (setting forth elements of a class-based discrimination equal protection claim).

The district court properly dismissed Baker's First Amendment claims because Baker failed to allege facts sufficient to show a violation of his constitutional rights. *See Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to

contact visits . . . ."); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (a prisoner's right to telephone access is subject to reasonable security limitations).

The district court properly dismissed Baker's Eighth Amendment claims because Baker failed to allege facts sufficient to establish deliberate indifference or defendant Shinn's personal participation. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be held liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (setting forth requirements for a claim arising from secondhand smoke exposure); *Frost v. Agnos*, 152 F.3d 1124, 1129-30 (9th Cir. 1998) (setting forth requirements for a claim based on denial of disability accommodations); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (explaining supervisory liability under § 1983).

Dismissal of Baker's ADA claim was proper because Baker failed to allege facts sufficient to show that defendant Abbl was deliberately indifferent to his disability. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (to recover monetary damages under the ADA, a plaintiff must show intentional discrimination; the test for intentional discrimination is deliberate indifference).

We do not consider allegations raised for the first time on appeal. *See*

3                                                                                    21-16607

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**